Theodore Dachenhausen, Jr., J.
In this proceeding pursuant to CPLR article 78, petitioner seeks review of a determination of respondent, dated March 10, 1977, dismissing him from his teaching position. Petitioner asks for reinstatement, for back pay and for restoration of all benefits appurtenant to the teaching position.
The operative facts are not in dispute. On January 3, 1977, Mr. Eric H. Summerson resigned his regular teaching position within respondent district, which position entailed instructing ninth grade physical science and seventh grade general science. Petitioner, who had acted as a substitute teacher in the district on 18 previous days, continuously served in the vacant *906 position from January 28, 1977 until March 10, 1977, when he was dismissed without explanation.
It is petitioner’s contention that at the time he assumed Summerson’s duties he was a probationary teacher entitled to certain procedural and substantive benefits of sections 3031 and 3019-a of the Education Law with regard to employment termination. Respondent’s position is that petitioner was retained as a substitute teacher to temporarily fill the vacancy caused by the emergency of Summerson’s resignation.
Petitioner’s argument is supported by a holding of the State Commissioner of Education: "in case of a vacancy, an appointment to a full-time teaching position in the district must be made for a probationary period of three years. There is no legal authority for a 'temporary’ appointment. Such an appointment amounts to an attempt to evade the provisions of the tenure law and is illegal.” (Matter of Cardo, 8 Ed Dept Rep 182, 183.)
Petitioner further argues that it does not avail respondent to take the position that petitioner remained as a substitute teacher. The applicable regulations define a substitute teacher as "one who is employed in place of a regularly appointed teacher who is absent but is expected to return.” (8 NYCRR 80.36.)
Respondent does not meet petitioner’s arguments head on but, instead, adopts a different tack. Respondent asserts that a school district would be unreasonably shackled if, faced with a sudden vacancy, it were forced to immediately fill the position with a probationary teacher. Analogizing to regulations which allow a district to utilize uncertified personnel to teach for up to 40 days per school year as substitute teachers, respondent argues that by implication, it may utilize a certified substitute to fill a vacancy for up to 40 days.
The court does not accept respondent’s analogy. The implication, if present at all, may only be found through much intellectual strain.
The court is even less impressed with the absolutist approach taken by the commissioner in Matter of Cardo (supra). The commissioner’s position, seemingly adopted as a matter of law, refuses to take into account the exigencies of any particular situation. True enough, the use of a temporary appointment may, under certain conditions, serve to frustrate the tenure law. When such is proven to be the case, it should not be allowed. However, to assume that this is a district’s motive *907 in all cases and impose a rule which prevents the district from any meaningful search for a qualified appointee is patently unreasonable.
As previously noted, respondent’s analogy does not support a 40-day moratorium. However, the inability to impose a hard and fast time period during which a probationary appointment need not be made does not prevent the court from imposing the much recognized rule of reasonableness where both statutes and regulations have not filled the void. Rather than defining what is reasonable in all situations involving vacancies the court merely holds that what respondent did in this case was reasonable.
The factors upon which the court relies are (1) the sudden resignation of the incumbent teacher, (2) the time that the resignation took place, to wit: the middle of the school year, (3) the dismissal of petitioner within a month and a half of the vacancy’s creation, and (4) the lack of any factual showing that respondent was motivated by desire to circumvent the tenure law.
The combination of these factors justifies respondent’s action. The equitable consideration implicit in the commissioner’s prior ruling is not to be found here.
For the foregoing reason, the petition is denied.